IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| SAMMIE SAPPINGTON, EVELYN SAPPINGTON and JUSTIN SAPPINGTON<br><br>Plaintiffs,<br><br>v.<br><br>SKYJACK, INC. and RENTAL SERVICES CORPORATION, INC.,<br><br>Defendants. | No. 04-5076-CV-SW-WA |

## ANSWER OF DEFENDANT SKYJACK, INC. TO PETITION

Defendant Skyjack, Inc. ("Skyjack") hereby answers Plaintiffs' Petition as follows:

1. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 4 and, therefore, denies the same.

2. In response to paragraph 2, Skyjack admits that it is a wholly owned subsidiary of Linamar Corporation, a Canadian corporation, that it is authorized to do business in the United States and that it does sell and market certain of its products in the United States; otherwise, it denies the remaining allegations set forth in paragraph 2 not specifically admitted herein.

3. In response to paragraph 3, Skyjack states that its attorney, J. Randall Davis, is an appropriate agent for service of the plaintiffs' Petition and that receipt of the Summons and Petition by J. Randall Davis is sufficient as service upon Skyjack; otherwise, it denies the remaining allegations set forth in paragraph 3 not specifically admitted herein.

## ANSWER TO "VENUE AND JURISDICTION"

Skyjack makes no admission as to the venue and jurisdiction of this Court, the residence of parties (other than itself) and the magnitude of the amount in controversy.

## BACKGROUND

5. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 8, 9 and 10 and, therefore, denies the same.

6. In response to paragraph 6, Skyjack states that the alleged Scissor Lift has not been identified with sufficient specificity in plaintiffs' Petition to enable this defendant to answer paragraph 6; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies the same.

7. In response to paragraph 7 of the plaintiffs' Petition, Skyjack states that its business includes the design, manufacture and sale of scissor lifts and that the design of which includes an understanding that workers will perform certain tasks while elevated; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, denies the same.

## ANSWER TO COUNT I "NEGLIGENCE"

8. Count I of plaintiffs' Petition fails to state a claim against this defendant upon which relief can be granted.

9. In response to the allegations of paragraphs 11 and 12, and all subparts thereto, and insofar as the allegations are directed to Skyjack, it denies each and every allegation contained therein.

## DAMAGES

10. Insofar as the allegations set forth in paragraph 13, including all subparts thereto are directed to Skyjack, it denies each and every allegation contained therein.

WHEREFORE, defendant Skyjack, Inc. prays for judgment in its favor on Count I of plaintiffs' Petition and against plaintiffs, for its costs herein incurred and for such other relief as this Court deems just and proper.

### ANSWER TO COUNT II "PRODUCTS LIABILTY AND STRICT LIABLITY"

10. Count II of plaintiffs' Petition fails to state a claim against this defendant upon which relief can be granted.

11. In response to the allegations contained in paragraph 14, it adopts, realleges, and incorporates herein by reference its answers, affirmative defenses, and other matters constituting an avoidance as set forth in paragraphs 1 through 10 and 17 through 31 of this Answer.

12. In response to paragraph 15, Skyjack states that the alleged Scissor Lift has not been identified with sufficient specificity in plaintiffs' Petition to enable this defendant to answer paragraph 15; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies the same.

13. Insofar as the allegations contained in paragraphs 16, 17, 18, 19, 20, 21 and 22 are directed to Skyjack, it denies each and every allegation contained therein.

WHEREFORE, defendant Skyjack, Inc. prays for judgment in its favor on Count II of plaintiffs' Petition and against plaintiffs, for its costs herein incurred and for such other relief as this Court deems just and proper.

### ANSWER TO COUNT III "PUNITIVE DAMAGES"

14. Count III of plaintiffs' Petition fails to state a claim against this defendant upon which relief can be granted.

3

15. In response to the allegations contained in paragraph 14, it adopts, realleges, and incorporates herein by reference its answers, affirmative defenses, and other matters constituting an avoidance as set forth in paragraphs 1 through 10 and 17 through 31 of this Answer.

16. Insofar as the allegations set forth in paragraphs 24 and 25 are directed to this defendant, it denies said allegations.

WHEREFORE, defendant Skyjack, Inc. prays for judgment in its favor on Count III of plaintiffs' Petition and against plaintiffs, for its costs herein incurred and for such other relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

17. Further answering, plaintiffs' Petition and all Counts thereof fail to state a claim against this defendant upon which relief can be granted.

18. Further answering, it states that if plaintiffs sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to be caused by the acts, omission or fault of plaintiffs' decedent, including contributory negligence, contributory fault, comparative fault, assumption of the risk, misuse or abuse of the product, failure to mitigate damages or any other "fault" as defined in R.S.Mo. § 537.765; it further states that such acts, omissions or fault bar recovery by plaintiffs herein, or in the alternative, if such acts, omissions or fault do not act as a complete bar, then such acts diminish plaintiffs' right to recovery herein in an amount based upon plaintiffs' and plaintiffs' decedent's relative degree of fault.

19. Further answering, it states that the subject product was manufactured and sold in accordance with the state of the art and therefore it is not liable to plaintiffs pursuant to R.S.Mo. § 537.764.

20. Further answering, defendant states that if plaintiffs sustained any damages or

4

injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of plaintiffs' decedent or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

21.     Further answering, defendant states that if plaintiffs sustained any injuries or damages. which is specifically denied, any alleged negligence or fault of this defendant, which is specifically denied, should be compared to the negligence or fault of persons or entities, whether a party to this suit or not, if they caused or contributed to cause any of the damages alleged by plaintiffs.

22.     Further answering, plaintiffs' damages, if any, were the result of superceding intervening causes.

23.     Further answering, defendant states that if plaintiffs have any product liability claims against defendant, which are denied, the same are barred or limited by some or all of the provisions of the Missouri Product Liability Act, RS.Mo. §537.760, et seq., including but not limited to RS.Mo. §537.765.

24.     Further answering, defendant specifically denies that it is jointly and severally liable for any alleged damages which were not caused by it.  This defendant further states that any law of Missouri, whether enacted by the Missouri General Assembly or founded upon the decisions of the Missouri courts allowing joint and several liability is unconstitutional and violates the rights of due process and equal protection guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and similar provisions of the Constitution of the State of Missouri.

25.     Upon information and belief, the plaintiffs' decedent had full knowledge of the

risks and possible adverse affects arising from the use of the subject product, and all or part of the injuries, damages and/or losses, if any, sustained by the plaintiffs' decedent arose from or were caused by such risks, and such risks were accepted and assumed by plaintiffs' decedent, and for that reason, any recovery by the plaintiffs is barred in accordance with the principles of assumption of risk.

26. Answering defendant is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by plaintiffs with any other person for any of plaintiffs' alleged damages.

27. Further answering, defendant alleges that plaintiffs' claims for punitive damages may be unconstitutional as applied, in that, among other things, they are void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce and violative of freedom of contract.

28. Further answering, defendant states that if plaintiffs failed to properly preserve evidence necessary to the determination of the alleged claims, then plaintiffs' claims are barred by the doctrine of spoliation.

29. Plaintiffs' decedent should have taken action to minimize or eliminate damages and, therefore, plaintiffs are precluded from recovering damages, or her damages are reduced by the operation of the doctrine of avoidable consequences.

30. Defendant states that it intends to rely upon other affirmative defenses which may become available or appear in discovery and hereby reserves its rights to amend this Answer to assert such defenses.

31. Defendant adopts by reference any and all affirmative defenses raised by any other defendant.

Respectfully Submitted,

BAKER STERCHI COWDEN & RICE, L.L.C.

/s/ Kara T. Stubbs, Esq.
Kara Trouslot Stubbs          MO #43414
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:    (816) 471-2121
Facsimile:    (816) 472-0288

-and-

J. Randall Davis
CASSIDAY, SCHADE & GLOOR, LLP
415 Washington Street, Suite 214
Waukegan, Illinois 60085
Telephone:    (847) 249-0700
Facsimile:    (847) 249-8029 Fax
ATTORNEYS FOR DEFENDANT
SKYJACK, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2004, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Dale E. Lovelace, Esquire
**DALE E. LOVELACE, L.L.C.**
1100 Traders Bank Building
1125 Grand Boulevard
Kansas City, MO 64106
**ATTORNEY FOR PLAINTIFFS**

Beth C. Boggs, Esquire
BOGGS, BOGGS & BATES
7912 Bonhomme Avenue, Suite 400
St. Louis, MO 63105
**ATTORNEY FOR DEFENDANT**
**RENTAL SERVICES CORPORATION:**

/s/ Kara T. Stubbs, Esq.

7