THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| SAMMIE SAPPINGTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) No. 04-5076-CV-SW-FJG |
| SKYJACK INC., et al., | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court are (1) Plaintiffs' Motion for Leave to Perform Additional Testing and Integrated Suggestions in Support (Doc. No. 198); (2) Plaintiffs' Motion for Leave to Redesignate Expert Ken Zimmer and Integrated Suggestions in Support; (3) Defendant Skyjack's Motion for Leave to File its Response to Plaintiffs' Motion to Perform Additional Testing (Doc. No. 210); (4) Defendant Rental Services Corporation, Inc.'s Motion for Leave to File Sur-Reply (Doc. No. 213); (5) Plaintiffs' Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59 and for Reconsideration of Orders Excluding Plaintiffs' Experts and Striking the Affidavit of Ken Blundell, PhD., Dated January 17, 2006 and Integrated Suggestions in Support (Doc. No. 200); (6) defendant Skyjack, Inc.'s request for attorneys' fees and expenses regarding deposition of Kenneth Zimmer (Doc. No. 61); and (7) defendant Rental Service Corporation's request for attorney fees and expenses pursuant to Court's Order dated October 12 [sic], 2005 granting plaintiffs' motion to extend the deadline for filing expert affidavits (Doc. No. 62). Each will be considered below.

**I.   Plaintiffs' Motion for Leave to Perform Additional Testing (Doc. No. 198), Defendant Skyjack's Motion for Leave to File Response (Doc. No. 210), and Defendant Rental Services Corporation, Inc.'s Motion for Leave to File Sur-Reply (Doc. No. 213)**

As an initial matter, the Court will **GRANT** defendant Skyjack's Motion for Leave to

File Response (Doc. No. 210), and the response attached as an exhibit to defendant's motion will be considered timely filed. The Court further **DENIES** defendant Rental Services Corporation, Inc.'s Motion for Leave to File Sur-Reply (Doc. No. 213), as the Court finds the prior briefs of the parties (plaintiffs' motion, defendants' responses, and plaintiffs' reply) adequately illuminate the issues.

Following this Court's Order striking plaintiffs' experts and granting summary judgment, plaintiffs have proposed that the Court allow them to perform additional testing, hoping that these additional tests will meet the Daubert standard. This Court agrees with defendants that allowing plaintiffs the opportunity to present new testing, after flaws in their original tests have been pointed out by the Court and after summary judgment has already been granted in defendants' favor, is not called for in this situation. Although, as plaintiffs point out, the Court has broad discretion whether to allow or exclude late-disclosed expert testimony, see Pride v. BIC Corp., 218 F.3d 566, 578 (6th Cir. 2000), the Court finds that allowing further testing at this late date would essentially make the Court's scheduling and trial orders meaningless. The Supreme Court has held that "[i]t is implausible to suggest, post-Daubert, that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail." See Weisgram v. Maryley Co., 528 U.S. 440, 455 (2000). Thus, the Court in its discretion finds that plaintiffs, who should have been aware of the Daubert standards prior to the filing of their proposed expert witnesses' reports, are not entitled to conduct further testing in this matter. Plaintiffs' Motion for Leave to Perform Additional Testing (Doc. No. 198) is **DENIED.**

II.     **Plaintiffs' Motion for Leave to Redesignate Expert Ken Zimmer (Doc. No. 199)**

Plaintiffs' further seek leave to "reendorse their previously endorsed expert, Ken

2

Zimmer," as an additional expert to Ken Blundell. In their motion, plaintiffs fail to mention that in previous briefs filed with the Court, plaintiffs represented that on September 22, 2005, a dispute arose between them and Mr. Zimmer, such that plaintiffs and Mr. Zimmer had irreconcilable differences and Mr. Zimmer had withdrawn his services from the case. See Doc. No. 51. At that point in time, plaintiffs' deadline for providing expert witness disclosures was August 1, 2005 (see Doc. No. 44); therefore, as the deadline had already passed, plaintiffs moved for an extension of time to name a replacement expert. After reviewing an in camera affidavit describing the nature of the conflict, the Court granted plaintiffs an extension of time, allowing plaintiffs leave to name a new expert in Mr. Zimmer's place. That expert was Dr. Blundell. Now that Dr. Blundell's testimony has been found inadmissible under Daubert, plaintiffs seek to re-designate Mr. Zimmer.

Defendants oppose plaintiffs' motion. Defendant Skyjack notes that it is at a "disadvantage responding to the present motion in that they still do not know what made it impossible for Mr. Zimmer to continue serving as an expert witness, nor how that situation has apparently been resolved at this time." Defendant Rental Services Corporation, Inc. notes that the deadline to disclose expert witnesses has passed, and this is now plaintiffs' second attempt at a post-deadline change in experts. Defendant Rental Services Corporation, Inc. further notes the recent Eighth Circuit opinion in Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759-60 (8th Cir. 2006), which provides that adherence to scheduling order deadlines is critical, and the tactical decision to withdraw a proposed expert witness in response to a defense challenge to his proposed testimony does not provide good cause sufficient to revise a scheduling order so as to re-designate expert witness testimony. Here, similarly, plaintiffs made the decision to withdraw Mr. Zimmer as their expert and designate Dr. Blundell, and once Dr. Blundell's testimony was precluded,

3

plaintiffs seek to re-designate Mr. Zimmer as their expert.

In plaintiffs' reply brief, plaintiffs state "There is no question that there was a conflict between plaintiffs and their expert, Mr. Zimmer, which plaintiffs characterized as irreconcilable. However, an expert with whom one has an irreconcilable conflict is better than no expert at all." The Court is perplexed by this statement; if the conflict between plaintiffs and Zimmer is truly "irreconcilable," the Court is at a loss as to how this case could possibly proceed with Mr. Zimmer as plaintiffs' expert. Further, the Court finds defendants' arguments regarding the scheduling order to be persuasive. The Court has made its decision regarding the testimony of proposed experts Johnson and Blundell, and the Court will not allow plaintiffs the opportunity to re-designate an expert witness after the entry of summary judgment. Plaintiffs' Motion for Leave to Redesignate Expert Ken Zimmer (Doc. No. 199) is **DENIED.**

### III. Plaintiffs' Motion to Amend Judgment (Doc. No. 200)

With respect to this motion, the Court has reviewed the record, the relevant law, and the submissions of the parties and finds that reconsideration is not warranted. Therefore, plaintiffs' motion (Doc. No. 200) is **DENIED**.

### IV. Defendants' Motions for Attorneys' Fees Regarding Deposition of Kenneth Zimmer (Doc. Nos. 61 and 62).

On March 13, 2006, the Court entered its Order deferring consideration of the motions for attorneys fees and the reasonableness of the fees sought until the conclusion of this matter. See Doc. No. 123. As this case now has reached its conclusion, the Court will reconsider these motions.

On October 21, 2005, the Court granted plaintiffs' motion to extend the deadline for filing expert affidavits, but that extension was conditioned upon plaintiffs paying defendants'

4

reasonable attorneys fees and expenses incurred in preparing for the deposition of Kenneth Zimmer, plaintiffs' former expert witness. Defendant Skyjack, Inc. ("Skyjack"), requests attorneys' fees and expenses in the amount of $21,034.30. Defendant Rental Service Corporation ("RSC") requests attorneys' fees and expenses in the amount of $10,862.96.

Plaintiffs oppose defendants' attorneys' fees requests, arguing: (1) the proposed fees and expenses greatly exceed those suggested by the court in its Order dated October 21, 2005, and reasonable fees would be $3,000 for Skyjack (12 attorney hours at $250.00 per hour) and $1,920 for RSC (12 attorney hours at $160.00 per hour); (2) the fees should be reduced because defendant Skyjack can use the deposition of Mr. Zimmer for cross-examination purposes in other litigation; (3) as plaintiffs also incurred expenses related to the taking of Mr. Zimmer's deposition, the fees should be reduced; (4) the fees should be reduced or denied in their entirety because parties frequently designate more than one expert and only use one expert at trial; (5) the fees should be reduced or denied because plaintiffs have not engaged in sanctionable conduct; and (6) the fees should be reduced or denied because defendants would have incurred the expenses anyway (as the opinions of plaintiffs' replacement expert, Kenneth Blundell, were very similar to the opinions reached by Mr. Zimmer).

Defendants reply, and this Court agrees, that (1) the Court's Order of October 21, 2005, did not place any restrictions on the amount of fees sought, with the only limitation being that the fees and expenses sought should be related to the taking of the deposition of Mr. Zimmer; (2) it is speculative to suggest that Mr. Zimmer will testify against defendant Skyjack again; (3) the argument that plaintiffs also incurred expenses is largely irrelevant, given that plaintiffs were given the opportunity to disclose a replacement expert by the Court's Order; (4) plaintiffs ignore the fact that they needed to <u>replace</u> Mr. Zimmer's

5

testimony (instead of simply not calling Mr. Zimmer at trial), for otherwise at trial they would not have been able to prove their case; and (5) the award to defendants was not intended as a <u>sanction</u>, but rather as a reimbursement so as to place defendants in the same position as if Mr. Zimmer had not been named as an expert.  Furthermore, the Court acknowledges that although the ultimate opinions of Dr. Blundell and Mr. Zimmer are similar, the defendants' approaches at challenging these individuals' opinions would likely have been quite different given that Blundell has extensive academic credentials and less experience with scissor lifts, whereas Zimmer has experience in the scissor lift industry but no college degrees.  Accordingly, the Court will award defendants their reasonable attorneys' fees and expenses.

### A. Attorneys' Fees

The Court will now turn to the issue of reasonableness as to the fees and expenses requested.  The U.S. Supreme Court has recognized the most useful "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).  This result is known as the lodestar figure and is presumed to reflect the reasonable fee.  <u>See</u> <u>City of Burlington v. Dague</u>, 505 U.S. 562, 120 L. Ed. 2d 449, 112 S. Ct. 2638 (1992).   The Court has considered the number of hours that were reasonably expended on the deposition of Kenneth Zimmer, and has also considered the reasonable hourly rate for attorneys in the Kansas City area. Accordingly, the Court will apply the lodestar method, and will award attorneys' fees as follows:

For Defendant Skyjack, Inc.:

6

| Attorney Name | Total Hours Billed | Reasonable Hours Billed | Reasonable Billing Rate[1] | Reasonable Attorney Fee |
|---|---|---|---|---|
| J. Randall Davis[2] | 9.6 | 4.9[3] | $250 | $1,225.00 |
| James Berglund[4] | 53.6 | 31.6[5] | $200 | $6,320.00 |
| **Total:** | 63.2 | 36.5 | | **$7,545.00** |

For Defendant Rental Service Corporation.:

| Attorney Name | Total Hours Billed | Reasonable Hours Billed | Reasonable Billing Rate[6] | Reasonable Attorney Fee |
|---|---|---|---|---|
| Dennis Cusack[7] | 33.03 | 33.03 | $160 | $5,284.80 |
| David Buchanan[8] | 4.0 | 4.0 | $175 | $700.00 |

---

[1] The Court finds the billing rates for defendant Skyjack's attorneys to be reasonable.

[2] Mr. Davis is a partner in the Libertyville, Illinois office of Cassiday, Schade & Gloor, LLP.

[3] The Court has reduced this amount by the hours billed for briefing and strategizing on plaintiffs' motion for extension of expert deadlines, and review of the Court's Orders regarding same.

[4] Mr. Bergland is an associate in the Libertyville, Illinois office of Cassiday, Schade & Gloor, LLP.

[5] The Court has reduced this amount by the hours billed for (1) travel time, (2) briefing and strategizing on plaintiffs' motion for extension of expert deadlines, and (3) preparation of the pending request for attorneys' fees and expenses.

[6] The Court finds the billing rates for defendant RSC's attorneys to be reasonable.

[7] Mr. Cusack is a shareholder in the Chicago, Illinois office of Johnson & Bell.

[8] Mr. Buchanan is a principal in the Kansas City, Missouri office of Brown & James.

| Jean-Paul[9] Assouad | 5.0 | 1.0[10] | $160 | $160.00 |
|---|---|---|---|---|
| **Total:** | 42.03 | 38.03 | | **$6,144.80** |

### B. Expenses

With respect to expenses, Defendant Skyjack, Inc. requests $70.00 in investigative services, $1,822.50 for proposed defense expert Barris Evulich's time (8.1 hours at $225 per hour), $33.45 for Mr. Evulich's copying expenses, and $4,655.00 for proposed defense expert Leslie R. Knoll's time (24.5 hours at $190 per hour). After considering defendant Skyjack's brief and supporting documents, the Court awards defendant Skyjack **$6,468.45** in reasonable expenses.[11]

Defendant RSC has requested expenses of (1) $112.37 for expenses incurred by attorney Cusack; and (2) $3,825 in fees (17 hours at $225 per hour) and $140.24 in expenses incurred by proposed defense expert Kevin Smith. After considering defendant RSC's request, the Court awards defendant RSC **$4,077.61** in reasonable expenses.[12]

### V. Conclusion

Therefore, for the foregoing reasons:

(1) Plaintiffs' Motion for Leave to Perform Additional Testing and Integrated

---

[9]Mr. Assouad is an associate in the Kansas City, Missouri office of Brown & James.

[10]The Court has reduced this amount because the billing appears to duplicate work done by Mr. Buchanan.

[11]The Court has reduced Mr. Evulich's time to 7.6 hours, as Mr. Evulich billed .5 hours to creating his billing report as to expenses related to Mr. Zimmer.

[12]The Court also notes that defendant RSC requests that it not be forced to pay Mr. Zimmer's bill related to his deposition. Mr. Zimmer is not a party before the Court, and has not had an opportunity to respond to this issue. Therefore, the Court will deny defendant RSC's request.

8

Suggestions in Support (Doc. No. 198) is **DENIED**;

(2) Plaintiffs' Motion for Leave to Redesignate Expert Ken Zimmer and Integrated Suggestions in Support (Doc. No. 199) is **DENIED**;

(3) Defendant Skyjack's Motion for Leave to File its Response to Plaintiffs' Motion to Perform Additional Testing (Doc. No. 210) is **GRANTED**;

(4) Defendant Rental Services Corporation, Inc.'s Motion for Leave to File Sur-Reply (Doc. No. 213) is **DENIED**;

(5) Plaintiffs' Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59 and for Reconsideration of Orders Excluding Plaintiffs' Experts and Striking the Affidavit of Ken Blundell, PhD., Dated January 17, 2006 and Integrated Suggestions in Support (Doc. No. 200) is **DENIED**;

(6) Defendant Skyjack, Inc. is awarded **$14,013.45**, representing **$7,545.00** in attorneys' fees and **$6,468.45** in expenses; and

(7) Defendant RSC is awarded **$10,222.41**, representing **$6,144.80** in attorneys' fees and **$4,077.61** in expenses.

**IT IS SO ORDERED.**

                                                  **/S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge

Dated: October 13, 2006
Kansas City, Missouri