THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

SAMMIE SAPPINGTON, et al., )
      Plaintiffs, )
       )
v. )
       ) No. 04-5076-CV-SW-FJG
SKYJACK INC., et al., )
      Defendants. )

**ORDER**

Pending before the Court are (1) Plaintiffs' Motions in Limine and Suggestions in Support (Doc. No. 166); (2) Defendant Skyjack Inc.'s Motions in Limine (Doc. No. 168); (3) Defendant Rental Service Corporation, Inc.'s Motions in Limine (Doc. No. 170); (4) Defendant Skyjack Inc.'s Motion to Amend and Correct Defendant's Response to the Plaintiffs' Motions in Limine (Doc. No. 175); and (5) Defendant Skyjack Inc.'s Motion to Join in Rental Service Corporation, Inc.'s Motions in Limine, Objections to Plaintiffs' Proposed Voir Dire and Objections to Plaintiffs' Proposed Jury Instruction 1.01 (Doc. No. 176). Each will be considered below.

**I.    Background**

On October 4, 2001, plaintiffs'[1] decedent, Doyle Sappington, suffered fatal injuries when the scissors lift he was operating tipped over. The lift at issue is a SJII 4626 manufactured by Defendant Skyjack Inc. ("Skyjack"). It was sold to Central States Equipment, and eventually came into the possession of Defendant Rental Service Corporation ("RSC"). Prior to October 3, 2001, RSC rented the lift at issue to Eliason &

---

[1] Plaintiff Evelyn Sappington is the decedent's mother. Plaintiff Sammie Sappington is his daughter, and plaintiff Justin Sappington is his son. Doyle Sappington apparently had another child from a previous marriage, but that child is not a plaintiff in this action.

Knuth, and the lift at issue was delivered to Eliason & Knuth at the Saks Fifth Avenue Parking Garage project at 47th and Pennsylvania. J.E. Dunn was the general contractor for the Saks Fifth Avenue Parking Garage project. On October 3, 2001, prior to the accident, the lift was in its "as manufactured" conduction, with the exception of normal wear and tear. On October 3, 2001, Doyle Sappington was employed as a carpenter foreman for J.E. Dunn. Prior to October 3, 2001, Doyle Sappington had received training on the safe and proper use of a scissor lift. Immediately before his injury, Doyle Sappington had the Skyjack SJ II 4626, elevated to about 26 feet in the air. Doyle Sappington was killed when the Skyjack SJ II 4626 drove backwards into the area where the sidewalk had been removed earlier, and fell to the ground.

## II. Motions in Limine

A. <u>Plaintiffs' Motions in Limine and Suggestions in Support (Doc. No. 166) and Defendant Skyjack Inc.'s Motion to Amend and Correct Defendant's Response to the Plaintiffs' Motions in Limine (Doc. No. 175).</u>

As a preliminary matter, Defendant Skyjack Inc.'s Motion to Amend and Correct Defendant's Response to the Plaintiffs' Motions in Limine (Doc. No. 175) will be **GRANTED**.

The Court issues the following Orders regarding plaintiffs' motions in limine seeking to preclude the use of the following evidence at trial:

1. Evidence concerning a conviction or imprisonment of decedent Doyle "Sam" Sappington

**RULING:** Plaintiffs withdrew this motion in limine, pursuant to their reply suggestions, Doc. No. 187. Therefore, this motion in limine will be **DENIED AS MOOT**.

2. Any evidence or allegations of fault on the part of plaintiff's employer, J.E. Dunn or that J.E. Dunn violated OSHA standards

**RULING:** The Court rules in favor of defendant; plaintiffs' motion is **DENIED.**

      3.      Warnings on the machine itself

**RULING:** The Court rules in favor of defendant; plaintiffs' motion is **DENIED.**

      4.      Evidence or argument that the lift in question complied with ANSI standards which were in effect at the time of manufacture.

**RULING:** The 1990 ANSI standards have already been found to be irrelevant; this motion will be **GRANTED**. However, to the extent plaintiffs seek to have defendants' experts completely excluded because their opinions are based solely on the 1990 standard, this motion will be **DENIED.**

      5.      Evidence that decedent violated the ANSI Manual of Responsibilities

**RULING:** The Court rules in favor of plaintiffs; plaintiffs' motion is **GRANTED.**

      6.      Evidence from Defense Experts that an SJIII 4626 might not have remained upright if operated by Sappington on the date of the injury

**RULING:** The Court rules in favor of defendant; the motion is **DENIED.**

      7.      Expert Evulich's opinion that the product at issue is reasonably safe should be excluded because he failed to consider reasonably foreseeable product misuse

**RULING:** Plaintiffs' criticisms of Evulich's testimony go to the weight, not the admissibility, of the evidence. The Court rules in favor of defendant; the motion is **DENIED.**

      8.      Testimony regarding OSHA Standards

**RULING:** The Court rules in favor of plaintiffs; the motion is **GRANTED.**

      9.      Testimony of Expert Knoll regarding what decedent Sappington was attempting to do at the time of the accident

**RULING:** The Court finds that testimony as to what Mr. Sappington was thinking at the time of the accident is inadmissible. The Court rules in favor of plaintiffs; the motion is **GRANTED.**

10. Testimony from David Dale

**RULING:** Mr. Dale was defendant RSC's expert. As RSC has now been dismissed from the case, this motion is **DENIED AS MOOT.**

11. Cumulative Experts

**RULING:** Pursuant to the Court's previous Order (Doc. No. 227), the Court has found the testimony of experts Knoll and Evulich to be duplicative, and defendant must determine which of these witnesses it intends to proceed with at trial. Therefore, this motion is **GRANTED** in favor of plaintiffs.

B. <u>Defendant Skyjack Inc.'s Motions in Limine (Doc. No. 168).</u>

The Court issues the following Orders regarding defendant Skyjack's request for an order precluding the parties, attorneys, and witnesses from presenting evidence, testifying about, mentioning, or otherwise alerting the jury to the existence of the following:

1. The use of the nickname "Sam" when referring to plaintiffs' decedent, Doyle Sappington

**RULING:** The Court rules in favor of plaintiffs; defendant's motion will be **DENIED.**

2. Information that defendant Skyjack Inc. is a Canadian corporation.

**RULING:** The Court rules in favor of defendant; defendant's motion will be **GRANTED.**

3. The presence of any insurance policy or other contract of indemnification in favor of any party to this case

**RULING:** The Court rules in favor of defendant; defendant's motion will be **GRANTED.**

4. The wealth, poverty, or financial position of any party.

**RULING:** The Court rules in favor of defendant; defendant's motion will be **GRANTED.**

5. Any suggestion that any plaintiff is out-of-pocket any money for Doyle Sappington's medical expenses in this case.

**RULING:** The Court rules in favor of plaintiff; defendant's motion will be **DENIED.**

6. Any reference to conscious pain and suffering by Doyle Sappington.

**RULING:** To the extent that any reference to conscious pain and suffering relates only to the period of time between the beginning of the fall and when decedent hit the ground, plaintiff may present such evidence. Therefore, the Court rules in favor of plaintiff; defendant's motion will be **DENIED.**

7. Any suggestion or argument that Doyle Sappington was providing financial support to Justin Sappington at the time of his death.

**RULING:** The Court rules in favor of defendant; defendant's motion will be **GRANTED.**

8. Any suggestion or argument that Doyle Sappington was providing financial support beyond the court ordered child support to Sammie Sappington at the time of his death.

**RULING:** To the extent that the evidence at trial supports plaintiffs' contention that Mr. Sappington agreed to pay child support and was not somehow "reluctant" to pay it, the Court finds that child support should not be referred to as "court ordered." Otherwise, the Court rules in favor of defendant, and defendant's motion will be **GRANTED.**

9. Any evidence, suggestion or argument that Doyle Sappington had an obligation to send Justin Sappington to college.

**RULING:** The Court rules in favor of defendant; defendant's motion will be **GRANTED.**

10. Any evidence, suggestion or argument of damages based upon accepted national or state statistics that are contrary to the known evidence in the case.

**RULING:** In keeping with its ruling on defendant's motion to strike John Ward (Doc. No. 227), the Court finds that this motion ought to be **DENIED WITHOUT PREJUDICE** to its reassertion at trial, depending on the testimony elicited at trial.

11. Any suggestion or argument that Doyle Sappington attempted to contact Justin Sappington, between the time Doyle Sappington was released from prison and his death, to reestablish a relationship with Justin Sappington.

**RULING:** Although plaintiffs oppose this motion, plaintiffs have not provided evidence as to what barriers kept Doyle Sappington from having a relationship with his children. Therefore, the Court **PROVISIONALLY GRANTS** defendant's motion in limine. Plaintiffs may make an offer of proof as to this issue prior to trial, on or before **JUNE 18, 2008**.

12. Any suggestion or argument that Doyle Sappington attempted to contact Sammie Sappington, between the time Doyle Sappington was released from prison and his death, to reestablish a relationship with Sammie Sappington.

**RULING:** Although plaintiffs oppose this motion, plaintiffs have not provided evidence as to what barriers kept Doyle Sappington from having a relationship with his children. Therefore, the Court **PROVISIONALLY GRANTS** defendant's motion in limine. Plaintiffs may make an offer of proof as to this issue prior to trial, on or before **JUNE 18, 2008**.

13. Any evidence, suggestion or argument that Doyle Sappington shared an emotional, and psychological parent-child relationship with either Justin Sappington or Sammie Sappington at the time of his death.

**RULING:** Although plaintiffs oppose this motion, plaintiffs have not provided evidence as to what barriers kept Doyle Sappington from having a relationship with his children. Therefore, the Court **PROVISIONALLY GRANTS** defendant's motion in limine. Plaintiffs may make an offer of proof as to this issue prior to trial, on or before **JUNE 18, 2008**.

14. Any compensation for loss of consortium or companionship for Justin Sappington and Sammie Sappington.

**RULING:** Although plaintiffs oppose this motion, plaintiffs have not provided evidence as to what barriers kept Doyle Sappington from having a relationship with his children. Therefore, the Court **PROVISIONALLY GRANTS** defendant's motion in limine. Plaintiffs

6

may make an offer of proof as to this issue prior to trial, on or before **JUNE 18, 2008**.

    15.    Any evidence, suggestion or argument that Sammie Sappington would re-establish a relationship with her father, Doyle Sappington following her 18th birthday.

**RULING:** Although plaintiffs oppose this motion, plaintiffs have not provided evidence as to what barriers kept Doyle Sappington from having a relationship with his children. Therefore, the Court **PROVISIONALLY GRANTS** defendant's motion in limine. Plaintiffs may make an offer of proof as to this issue prior to trial, on or before **JUNE 18, 2008**.

    16.    Any evidence, suggestion or argument that Evelyn Sappington has also been predeceased by her husband, Doyle E. Sappington, and their daughter, Thelma Ruth Sappington.

**RULING:** The Court will **PROVISIONALLY DENY** this motion; defendant may reassert this issue at trial.

    17.    Any evidence, suggestion or argument of damages not recoverable under the Missouri Wrongful Death Statute, in particular, medical bills.

**RULING:** The Court finds in favor of plaintiff; defendant's motion will be **DENIED.**

    18.    Any settlement negotiations between the parties or suggestion that this case was not or could not be settled.

**RULING:** The Court finds in favor of defendant; defendant's motion will be **GRANTED.**

    19.    Any evidence of prior claims made against Skyjack Inc. without an offer of proof demonstrating the same model lift under similar circumstances.

**RULING:** The Court finds in favor of defendant; defendant's motion will be **PROVISIONALLY GRANTED**. Plaintiffs may make a written offer of proof on or before **JUNE 18, 2008**, on this subject.

    20.    Any argument that the SJ III 4626 would have remained upright for Doyle Sappington.

**RULING:** The Court finds in favor of plaintiffs; defendant's motion is **DENIED.**

    21.    Any reference to tests on any lift other than a Skyjack SJ II 4626.

**RULING:** The Court finds in favor of plaintiffs; defendant's motion is **DENIED.**

    22.    Any suggestion or argument that Skyjack Inc. was obligated to build to the state-of-the-art, or that the only reasonably safe scissor lift is one that is state-of-the-art.

**RULING:** The Court finds in favor of plaintiffs; defendant's motion is **DENIED.**

    23.    Any reference to the stability characteristics of the 1987 Mayville Engineering Aisle Master Scissor lift.

**RULING:** The Court finds in favor of plaintiffs; defendant's motion is **DENIED.**

    24.    Any evidence, suggestion or argument that Doyle Sappington had permission to use the Skyjack SJ II 4626 at issue at the time of his accident.

**RULING:** The Court will **PROVISIONALLY GRANT** defendant's motion. Plaintiff will be allowed to make an offer of proof prior to trial, on or before **JUNE 18, 2008**, in order to show a pattern of practice to the contrary which could change this ruling.

    25.    Any evidence, suggestion or argument that Doyle Sappington did not know about the hole in the sidewalk immediately prior to his accident.

**RULING:** The Court will **PROVISIONALLY GRANT** defendant's motion. If plaintiffs have evidence to the contrary, that evidence should be presented to the Court in advance of trial, on or before **JUNE 18, 2008**.

    26.    Any photographs of the accident scene and lift that are inflammatory, misleading, or irrelevant.

**RULING:** The Court will **PROVISIONALLY GRANT** defendant's motion. To the extent that plaintiff wants to introduce photographs of the accident scene, plaintiff shall provide those for review in advance of trial, on or before **JUNE 18, 2008**.

    27.    Medical records of Doyle Sappington from St. Luke's Hospital.

**RULING:** The Court will **PROVISIONALLY DENY** defendant's motion. Defendant may reassert this motion at trial if plaintiffs present evidence beyond claimed damages.

28. The CT scan of Mr. Sappington's head taken at St. Luke's Hospital

**RULING**: The Court will **PROVISIONALLY DENY** defendant's motion. Defendant may reassert this motion prior to trial, on or before **JUNE 18, 2008,** to the extent that it challenges the qualifications of Dr. Shaffer to interpret and demonstrate CT scans to the jury. Defendant may also reassert this motion at trial if plaintiff attempts to use this information for purposes beyond showing cause of death.

29. A Medical Bill Summary (Plaintiffs' List of Exhibits, #4)

**RULING:** The Court will **PROVISIONALLY DENY** defendant's motion. Plaintiffs may present the medical bill summary for the limited purpose of demonstrating survivorship damages incurred by the decedent before death.

30. Doyle Sappington's Death Certificate

**RULING:** The Court will **PROVISIONALLY GRANT** defendant's motion. If the purpose of the death certificate is to prove decedent's death, there is no reason why a stipulation between the parties could not resolve this issue.

31. Sappington family photographs

**RULING:** The Court finds in favor of defendant; defendant's motion will be **GRANTED.**

32. Doyle Sappington's Funeral Bills

**RULING:** The Court finds in favor of defendant; defendant's motion will be **GRANTED.**

33. Decedent's published newspaper memoriam (Plaintiffs' List of Exhibits, #9).

**RULING:** The Court finds in favor of defendant; defendant's motion will be **GRANTED.**

34. Any argument that the ANSI 1999 standard (Plaintiffs' List of Exhibits, #10 and #11) is applicable to the design or manufacture of the subject

lift.

**RULING:** The Court finds in favor of plaintiffs; defendant's motion is **DENIED.**

    35.    Any argument that the European Standard EN 280:2001 (Plaintiffs' List of Exhibits, #12) is applicable to the design or manufacture of the subject lift.

**RULING:** This motion will be **PROVISIONALLY GRANTED.** To the extent that plaintiff wishes to introduce this evidence, plaintiff shall produce this proposed evidence for review by the Court in advance of trial, on or before **JUNE 18, 2008**.

    36.    "Scaffold Industry Association materials" (Plaintiffs' List of Exhibits, #14)

**RULING:** This motion will be **PROVISIONALLY GRANTED.** To the extent that plaintiff wishes to introduce this evidence, plaintiff shall produce this proposed evidence in a written offer of proof for review by the Court in advance of trial, on or before **JUNE 18, 2008**.

    37.    Any suggestion or argument that the American National Standards Institute (ANSI) is a front for scaffold manufacturers.

**RULING:** This motion will be **PROVISIONALLY GRANTED.** To the extent that plaintiff wishes to introduce this evidence, plaintiff shall produce a written offer of proof on this subject for review by the Court in advance of trial, on or before **JUNE 18, 2008**.

    38.    Skyjack Internet Materials (Plaintiffs' List of Exhibits, #15)

**RULING:** This motion will be **PROVISIONALLY GRANTED.** To the extent that plaintiff wishes to introduce this evidence, plaintiff shall produce a written offer of proof on this subject for review by the Court in advance of trial, on or before **JUNE 18, 2008**.

    39.    "Brochures of competitors machines depicting pothole protection" (Plaintiffs' List of Exhibits, #20)

**RULING:** This motion will be **PROVISIONALLY GRANTED.** To the extent that plaintiff wishes to introduce this evidence, plaintiff shall produce a written offer of proof on this subject for review by the Court in advance of trial, on or before **JUNE 18, 2008**.

  40. Video tape (Plaintiffs' List of Exhibits, #29) and photographs (Plaintiffs' List of Exhibits, #30) taken by Bryan Johnson

**RULING:** The Court finds in favor of plaintiffs; defendant's motion is **DENIED.**

  41. Data Collection Report and photographs taken by RTE Technologies (Plaintiffs' List of Exhibits, #31).

**RULING:** The Court finds in favor of plaintiffs; defendant's motion is **DENIED.**

  42. MEC Pot Hole Protection DVD (Plaintiffs' List of Exhibits, #32).

**RULING:** This motion will be **PROVISIONALLY GRANTED.** To the extent that plaintiff wishes to introduce this evidence, plaintiff shall produce an offer of proof on this subject and the DVD for review by the Court in advance of trial, on or before **JUNE 18, 2008**.

  43. The Interrogatory Response from Skyjack re: other tip-over accidents (Plaintiffs' List of Exhibits, #55)

**RULING:** The Court finds in favor of defendant; defendant's motion will be **PROVISIONALLY GRANTED**. Plaintiffs may make a written offer of proof on or before **JUNE 18, 2008**, on this subject.

  44. Any information, testimony, evidence, or documents not produced in discovery.

**RULING:** The Court finds in favor of defendant; defendant's motion will be **PROVISIONALLY GRANTED**. An offer of proof is required for all evidence not disclosed during discovery as to all parties.

  45. Any expert testimony that was not properly disclosed during discovery.

**RULING:** The Court finds in favor of defendant; defendant's motion will be **GRANTED.**

11

Case 3:04-cv-05076-FJG    Document 228    Filed 03/27/08    Page 11 of 13

46. Any conclusory or opinion testimony not provided by expert witnesses with sufficient qualifications, backgrounds and investigation to provide those opinions.

**RULING:** The Court agrees with plaintiffs that defendant's proposed motion in limine is too broad. The Court will **PROVISIONALLY DENY** defendant's motion in limine, and will refer to Fed. R. Evid. 701 for lay witnesses and Fed. R. Evid. 702 for expert witnesses.

47. Any testimony from Bryan Johnson, as his opinions are untested, and are neither relevant nor reliable.

**RULING:** The Court finds in favor of plaintiffs; defendant's motion is **DENIED.**

48. Any testimony from Dr. James Kenneth Blundell, as his opinions are based upon unreliable testing, and are neither relevant nor reliable.

**RULING:** The Court finds in favor of plaintiffs; defendant's motion is **DENIED.**

49. Any testimony from Dr. John Ward, as his opinions are based upon insufficient information and are neither relevant nor reliable.

**RULING:** The Court will **PROVISIONALLY DENY** defendant's motion. Defendant may reassert this motion at trial.

50. The defendant further moves to have all non-party witnesses excluded from the courtroom when not testifying, and an order that the attorneys and other witnesses should be prohibited from informing any witness who has not yet testified of the testimony that has taken place.

**RULING:** The Court finds in favor of defendant, and will **GRANT** defendant's motion. However, as discussed by plaintiffs, expert witnesses can be told of changes in opposing experts' testimony (from either the experts' depositions or their affidavits).

C. <u>Defendant RSC's Motions in Limine (Doc. No. 170) and Defendant Skyjack Inc.'s Joinder in Rental Services Corporation, Inc.'s Motions in Limine, Objections to Plaintiffs' Proposed Voir Dire and Objections to Plaintiffs' Proposed Jury Instruction 1.01 (Doc. No. 176)</u>.

As a preliminary matter, defendant Skyjack's motion for joinder (Doc. No. 176) will be **GRANTED.** However, after reviewing defendant RSC's motions in limine, the Court

finds that the issues raised therein have either been ruled by the above orders, or are now moot given that RSC is no longer a party to this trial. Therefore, the Court finds that defendant RSC's motions in limine (Doc. No. 170) should be **DENIED AS MOOT.**

### III. Conclusion

Therefore, for the foregoing reasons:

(1) Plaintiffs' Motions in Limine and Suggestions in Support (Doc. No. 166) are **GRANTED IN PART** and **DENIED IN PART**;

(2) Defendant Skyjack Inc.'s Motions in Limine (Doc. No. 168) are **GRANTED IN PART** and **DENIED IN PART**;

(3) Defendant Rental Service Corporation, Inc.'s Motions in Limine (Doc. No. 170) are **DENIED AS MOOT**;

(4) Defendant Skyjack Inc.'s Motion to Amend and Correct Defendant's Response to the Plaintiffs' Motions in Limine (Doc. No. 175) is **GRANTED**; and

(5) Defendant Skyjack Inc.'s Motion to Join in Rental Service Corporation, Inc.'s Motions in Limine, Objections to Plaintiffs' Proposed Voir Dire and Objections to Plaintiffs' Proposed Jury Instruction 1.01 (Doc. No. 176) is **GRANTED**.

**IT IS SO ORDERED.**

                                                  **/S/ FERNANDO J. GAITAN, JR.**
                                                  Fernando J. Gaitan, Jr.
                                                  Chief United States District Judge

Dated:   3/27/08
Kansas City, Missouri