THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| SAMMIE SAPPINGTON, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | No. 04-5076-CV-SW-FJG |
| SKYJACK INC., et al. ) | |
|     Defendants. ) | |

## ORDER

Pending before the Court is defendant RSC's Bill of Costs (Doc. No. 234). Plaintiffs have filed objections to the Bill of Costs.

On March 30, 2008, the Court granted defendant RSC's alternative motion to dismiss pursuant to Missouri's "Innocent Seller" statute, RSMo § 537.762. Pursuant to the innocent seller statute, such dismissals are without prejudice and are interlocutory until final disposition of plaintiffs' claims. On May 16, 2008, defendant RSC filed its proposed bill of costs, indicating costs of $6,389.77 for court reporter transcripts, $474.51 for printing costs, and $101.50 for copies, for a total of $6,965.78. On June 3, 2008, the Court held a wrongful death settlement hearing regarding the claims against the remaining defendant, and an order and judgment approving the settlement was entered on June 10, 2008, dismissing the case with prejudice and finding plaintiffs and defendant Skyjack Inc. should bear their own costs.

Meanwhile, on June 2, 2008, plaintiffs filed their objections to defendant RSC's proposed bill of costs (Doc. No. 235). Plaintiffs argue that defendant RSC is not a prevailing party for purposes of Fed. R. Civ. P. 54, as (1) the dismissal was without prejudice, and (2) by virtue of the innocent seller statute, RSC really just transferred its liability to Skyjack, noting that "To the extent that a plaintiff can otherwise obtain 'total recovery', **all** liability of a downstream seller, who would otherwise be jointly and severally liable to plaintiff for damages and subject to contribution from the other defendants, is

shifted to upstream defendants, including the manufacturer." Gramex Corp. v. Green Supply, Inc., 89 S.W.3d 432, 445 (Mo. 2002) (emphasis in original).

After reviewing the parties' briefs, the Court finds that Defendant RSC is a prevailing party for purposes of Federal Rule of Civil Procedure 54(d). A dismissal without prejudice does not necessarily mean that the dismissed party is not a prevailing party. See Anderson v. Christian Hospital Northeast-North-West, 100 F.R.D. 497, 498 (E.D. Mo. 1984) (citing 10 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2667) (finding that where plaintiff's complaint was dismissed without prejudice for failure to comply with discovery orders, defendants were still prevailing parties and entitled to have their costs paid). Further, the Court does not read Missouri's Innocent Seller Statute, RSMo § 537.762, as shifting the downstream seller's costs (as opposed to its liability) to the upstream manufacturer defendant.

Plaintiff also argues that, even if defendant was a prevailing party, the fees requested by RSC are not recoverable as (1) the dismissal without prejudice of RSC did not require any depositions to be taken, and thus the court reporter's fees were not necessarily obtained for use in this case; (2) to the extent the depositions were necessarily obtained for use in the case, they were necessarily obtained by SkyJack and Plaintiff, who have each agreed to bear their own costs in this matter; and (3) certain of the copies were made for the appeal in this matter, in which plaintiffs were the prevailing party.

The problem with the majority of plaintiffs' arguments regarding deposition costs is that defendant RSC was unable to file its motion to dismiss under the Innocent Seller Statute until plaintiffs had dismissed their independent negligence claims. Plaintiffs did not dismiss their independent negligence claims until January 6, 2006, nearly a year and a half after the lawsuit was filed. During the pendency of this action, defendant RSC not only filed a motion to dismiss pursuant to the innocent seller statute, but also filed motions in limine regarding various witnesses and issues (Doc. Nos. 81, 86, 170), engaged its own experts,

2

prepared deposition designations for use at trial (Doc. No. 131), and otherwise engaged in a vigorous defense of this action. "[E]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was 'necessarily obtained for use in [a] case' and was not 'purely investigative.'" Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) (citing Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997)). Here, the Court finds the depositions referenced in defendant RSC's Bill of Costs to have been necessarily obtained for use in this case.

However, the Court finds that the amount of deposition costs payable to defendant RSC should be reduced by amounts billed for postage/delivery, which are not taxable as costs. See Smith, 436 F.3d at 889. The total amount of the deposition costs ($6,389.77) less the amounts billed for postage or delivery services ($107.00) equals **$6,282.77**.

Furthermore, the Court will not award defendant RSC its printing costs ($474.51) or its copy costs ($101.50), as these amounts appear to have been incurred in relation to the appeal of this matter. As noted by plaintiffs, defendant RSC was not the prevailing party on appeal, and the Court will not award defendant its costs associated with the appeal.

Therefore, for all the foregoing reasons, defendant RSC is awarded costs in the total amount of **$6,282.77.**

**IT IS SO ORDERED.**

Date: 9/30/08                                 **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                   Fernando J. Gaitan, Jr.
                                                          Chief United States District Judge